# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| ROBBIN L. LOLOGO; and<br>VINCENT J. LOLOGO,<br><br>       Plaintiffs,<br><br>vs.<br><br>WAL-MART STORES, INC. d/b/a WAL-MART<br>SUPERCENTER STORE #1834; and<br>ADVANTAGE SALES & MARKETING LLC,<br><br>       Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) | Case No.: 2:13-cv-1493-GMN-PAL<br><br>**ORDER** |

Pending before the Court are the Motions in Limine filed by Plaintiffs Robbin Lologo ("Ms. Lologo") and Vincent Lologo ("Mr. Lologo"), (ECF Nos. 120, 124, 125, 126, 128, 130, 131, 132, 133), the Motions in Limine filed by Defendant Wal-Mart Stores, Inc. ("Wal-Mart"), (ECF Nos. 117, 118, 119, 121, 122, 123), and the Motions in Limine filed by Defendant Advantage Sales & Marketing LLC ("ASM"), (ECF Nos. 93, 110, 111, 112, 113, 114). All of these Motions are now fully briefed.

## I.    BACKGROUND

This case arises out of an alleged slip and fall that occurred at Wal-Mart Store #1834, a Wal-Mart Supercenter Store in Grants Pass, Oregon (the "Wal-Mart store"). (Am. Compl. ¶ 9, ECF No. 57). On August 7, 2011, Ms. Lologo was shopping in the Wal-Mart store and, while approaching a checkout line, she allegedly slipped and fell on a brownish-yellow substance that was on the floor. (*Id.*); (Pls.' Resp. 4:4-5). A witness later stated that the substance was applesauce. (Depo. of Kira Sidivy p. 33, ECF No. 65-4).

ASM and Wal-Mart had an "In Store Promotions Agreement" ("the Agreement") in effect on the date of the incident. Although the parties dispute the precise location where

ASM's promotional event took place, the parties agree that ASM distributed applesauce in the Wal-Mart Store on August 7th, 2011.

Plaintiffs filed the instant action in state court on July 12, 2013. (Ex. B to Pet. for Removal, ECF No. 1).  Wal-Mart removed the case to this Court on August 20, 2013. (ECF No. 1).  Plaintiffs amended their Complaint to add ASM as a defendant on July 22, 2014. (ECF No. 57).

In their Amended Complaint, Plaintiffs assert claims against Wal-Mart and ASM for (1) negligence, (2) negligent hiring and supervision, and (3) loss of consortium. (Am. Compl. ¶¶ 8-28, ECF No. 56).  On April 27, 2015, the Court granted summary judgment in ASM's favor only as to Plaintiffs' claim for negligent hiring and supervision. (Order on MSJ, ECF No. 71). In the instant Motions, the parties request that several items of evidence be excluded from trial in this case.

## II.   <u>LEGAL STANDARD</u>

A motion in limine is a procedural device to obtain an early and preliminary ruling on the admissibility of evidence.  Black's Law Dictionary defines it as "[a] pretrial request that certain inadmissible evidence not be referred to or offered at trial.  Typically, a party makes this motion when it believes that mere mention of the evidence during trial would be highly prejudicial and could not be remedied by an instruction to disregard." Black's Law Dictionary 1109 (9th ed. 2009).  Although the Federal Rules of Evidence do not explicitly authorize motions in limine, the Supreme Court has held that trial judges are authorized to rule on motions in limine pursuant to their authority to manage trials. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984).

It is settled law that in limine rulings are provisional.  Such "rulings are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United*

*States*, 529 U.S. 753, 758 n.3 (2000); *accord Luce*, 469 U.S. at 41 (noting that in limine rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted to trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Ind. Ins. Co. v. Gen. Elec. Co*., 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004).

Judges have broad discretion when ruling on motions in limine. *See Jenkins v. Chrysler Motors Corp*., 316 F.3d 663, 664 (7th Cir. 2002). However, a motion in limine should not be used to resolve factual disputes or weigh evidence. *See C&E Servs., Inc., v. Ashland, Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008). To exclude evidence on a motion in limine "the evidence must be inadmissible on all potential grounds." *E.g.*, *Ind. Ins. Co. v. Gen. Elec. Co*., 326 F. Supp. 2d at 846. "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). This is because although rulings on motions in limine may save "time, costs, effort and preparation, a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1219 (D. Kan. 2007).

## III.   <u>DISCUSSION</u>

The Court will first address Plaintiffs' Motions in Limine, and will then address the Motions in Limine filed by Wal-Mart and ASM.

///

**1. Plaintiffs' Motions in Limine**

**A. Motion to Impose Sanctions for Spoliation of Evidence (ECF No. 120) and Motion to Exclude Wal-Mart's Excuse Evidence (ECF No. 124)**

In their Motion for Sanctions (ECF No. 120), Plaintiffs argue that the Court should impose sanctions against Defendant Wal-Mart for failing to preserve the substance upon which Ms. Lologo allegedly slipped, a spoon and cup that were on the floor at the site of the alleged fall, video footage of the incident, sweep logs of the Wal-Mart store on the date in question, and the names of any other known individuals who witnessed the incident.

District courts may impose sanctions for spoliation of evidence as part of their inherent power to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *In re: Napster*, 462 F. Supp. 2d at 1066 (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)).  The Court's inherent power is not governed by rule or statute "but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers*, 501 U.S. 32, 43 (1991).  Additionally, in order to impose sanctions for spoliation of evidence, the Court must find that the party destroyed or failed to preserve the evidence "with a culpable state of mind." *In re Napster, Inc. Copyright Litig.*, 462 F. Supp. 2d 1060, 1078 (N.D. Cal. 2006).

In this case, the Court declines to impose sanctions for Wal-Mart's failure to preserve the evidence in question, because Plaintiffs have failed to show that Wal-Mart's failure to preserve the evidence arose from a culpable state of mind.  Indeed, the evidence on the record demonstrates that Paul Mott, a manager at the Wal-Mart store, responded to the incident within one minute and immediately proceeded to: (1) call an ambulance to attend to Ms. Lologo, (2) record statements from Ms. Lologo and another shopper who witnessed the incident, and (3) request surveillance footage of the incident. (Def. Wal-Mart's Resp., Exs. B-E, ECF No. 169).

Despite the fact that a Wal-Mart asset protection associate subsequently indicated that no video of the incident was available, (Video Request Form, ECF No. 169-6), Plaintiffs failed to depose anyone with knowledge of the surveillance system to inquire further.  Additionally, Plaintiffs failed to depose Mr. Mott regarding his representation that there was no "physical evidence relating to the incident." (Document Preservation Directive, ECF No. 169-7).[1] Finally, the record demonstrates that, at the time of the incident, there were no "sweep logs" kept at the Wal-Mart store, (Deposition of Casey Wiseman, 45:19-21), and Plaintiffs have failed to provide evidence showing that Wal-Mart failed to disclose information regarding any known witnesses to Ms. Lologo's alleged fall. *See Burton v. Walgreen Co.*, 2015 WL 4228853 at *2 (D. Nev. July 10, 2015) ("When determining whether to impose discovery sanctions for spoliation, the threshold question that the court must decide is whether relevant evidence existed.").

Accordingly, the Court finds that Plaintiffs have failed to show that Wal-Mart's failure to disclose the evidence in question arose out of a "culpable state of mind," and the Motion for Sanctions will thus be DENIED.[2]

**B. Motion to Exclude Testimony Regarding Paul Mott's Accident Investigation and Whether it Conformed to Wal-Mart's Procedures (ECF No. 125)**

In this Motion, Plaintiffs request that Wal-Mart be prohibited from calling a witness to testify as to: (1) the actions Paul Mott took in responding to Ms. Lologo's alleged fall, and

---

[1] Mr. Mott passed away on May 15, 2015.  However, discovery in this case closed well before that date, on October 7, 2014.  Furthermore, Wal-Mart agreed to permit Plaintiffs to depose Mr. Mott after the close of discovery.  Therefore, the Court finds that Plaintiffs had ample opportunity to depose Mr. Mott, but failed to do so.

[2] Plaintiffs also request that the Court exclude any hearsay evidence that Wal-Mart may attempt to use to explain the lack of video footage and other evidence regarding the incident. (Pls.' Mot. in Limine No. 1, ECF No. 124). The Court routinely enforces the Federal Rules of Evidence at trial, and excludes hearsay evidence when warranted.  However, Plaintiffs' request to broadly exclude all evidence which Wal-Mart could use to "excuse" its conduct is speculative and premature.  Therefore, this Motion will be DENIED.

(2) whether these actions violated Wal-Mart's procedures.  It is well established that whether an employee followed his employer's policies leading up to or following an accident is irrelevant to a negligence claim. *See McConnell v. Wal-Mart Stores, Inc.*, 995 F. Supp. 2d 1164, 1169 (D. Nev. 2014) ("Whether a defendant's actions in a particular instance are negligent does not at all depend upon his habits or personal guidelines for his own behavior. . . . [T]estimony concerning Wal-Mart's own policies and whether Defendant's employees adhered to them in this case would be irrelevant.").  The Court thus finds that evidence regarding whether Mr. Mott conformed to Wal-Mart's accident investigation procedures to be irrelevant, and the Motion will therefore be GRANTED to the extent that it seeks to exclude such evidence. However, the parties may still present evidence collected by Mr. Mott during the investigation, if the evidence is of consequence in assessing Plaintiffs' claims and is otherwise admissible.

**C. Motion to Exclude References to Collateral Sources of Payment (ECF No. 126)**

In this Motion, Plaintiffs request that the Court exclude references to collateral sources of payment of Ms. Lologo's medical bills, such as health insurance, medical liens, Social Security Disability, Medicare, and Medicaid.  Wal-Mart argues that Oregon law rather than Nevada law should govern this question, and states that it should be able to present evidence regarding the fact that Ms. Lologo's medical providers may ultimately require less than full payment of her medical bills.  Without ruling upon the question as to which state's law governs, the Court finds that evidence of collateral sources of payment, including medical liens, must be excluded.

Under Nevada law, there is a "per se rule barring the admission of a collateral source of payment for an injury into evidence for any purpose." *Proctor v. Castelletti*, 911 P.2d 853, 854 (Nev. 1996).  Similarly, Oregon law provides:

> (1) In a civil action, when a party is awarded damages for bodily injury or death of a person which are to be paid by another party to the action, and the party awarded damages or person injured or deceased received benefits for the injury or death other than from

the party who is to pay the damages, the court may deduct from the amount of damages awarded, before the entry of a judgment, the total amount of those collateral benefits . . . .

(2) **Evidence of the benefit described in subsection (1) of this section and the cost of obtaining it is not admissible at trial**, but shall be received by the court by affidavit submitted after the verdict by any party to the action.

Or. Rev. Stat. § 31.580 (emphasis added).

In this case, Wal-Mart argues Ms. Lologo's medical providers may ultimately choose to accept less than their total billing amount as compensation for Ms. Lologo's medical treatment. However, the possibility that Ms. Lologo's medical providers might forgive a portion of her debt constitutes a benefit she could receive for her injuries from a party other than Defendants, and therefore such evidence must be excluded pursuant to Or. Rev. Stat. § 31.580(2). Likewise, it is well established in Nevada that evidence of "write-downs" by medical providers must be excluded. *Alexander v. Wal-Mart Stores, Inc.*, No. 2:11-cv-0752-JCM-PAL, 2013 WL 427132, at *4 (D. Nev. Feb. 1, 2013).  Therefore, Plaintiffs' Motion is GRANTED, and evidence of collateral sources of Ms. Lologo's medical expenses, including medical liens, will be excluded from trial.  However, this ruling will not prohibit Wal-Mart from presenting evidence regarding the reasonableness of Ms. Lologo's medical expenses, if such evidence is otherwise admissible.

**D. Motion to Exclude References to How Ms. Lologo was Referred to Medical Providers (ECF No. 128)**

In this Motion, Plaintiffs argue that the Court should preclude any statements indicating that Ms. Lologo was referred to her medical providers by her counsel.  Plaintiffs contend that the probative value of such evidence is substantially outweighed by the danger of unfair prejudice, and the evidence should thus be excluded pursuant to Federal Rule of Evidence 403.

However, Courts in this District have recognized that counsel may present arguments indicating that an attorney directed a party to a specific physician and that a physician performed unnecessary medical procedures, as long as those arguments are supported by evidence elicited at trial. *Calvert v. Ellis*, No. 2:13-cv-0464-APG-NJK, 2016 WL 153044, at *3 (D. Nev. Jan. 12, 2016); *Alexander*, 2013 WL 427132, at *6.  Accordingly, this Motion will be DENIED.

**E. Motion to Exclude Evidence of Mr. Lologo's Absence from the Hospital and Ms. Lologo's use of a Taxi to Leave the Hospital (ECF No. 130)**

In this Motion, Plaintiffs contend that evidence regarding the fact that Mr. Lologo did not visit Ms. Lologo in the hospital and that she departed from the hospital in a taxi should be excluded as irrelevant.  Indeed, as Mr. Lologo did not personally witness Ms. Lologo's alleged fall, his choice not to visit her in the hospital bears no relevance to the severity of Ms. Lologo's injuries.  Similarly, it is evident that the method by which Ms. Lologo departed from the hospital is not probative of any claim or defense in this case.  Thus, this Motion will be GRANTED.

**F. Motion to Exclude Expert Witness Steven L. McIntire (ECF No. 131)**

In this Motion, Plaintiffs argue that the Court should exclude the opinions of neurologist Steven McIntire, M.D., who disputes Ms. Lologo's need for the medical treatment she received. Plaintiffs argue that, as a neurologist, Dr. McIntire is not qualified to opine on Ms. Lologo's neck, back, and ankle injuries.

Rule 702 of the Federal Rules of Evidence provides for a qualified expert witness to testify in the form of an opinion if the Court finds that:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.  This rule incorporates the amendments made in response to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and its progeny, including *Kumho Tire Co. Ltd. v. Carmichael*, 526 U.S. 137 (1999).

Rule 702 "contemplates a broad conception of expert qualifications." *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1015 (9th Cir. 2004).  "Moreover, the advisory committee notes emphasize that Rule 702 is broadly phrased and intended to embrace more than a narrow definition of qualified expert." *Id.* (quoting *Thomas v. Newton Int'l Enters.*, 42 F.3d 1266, 1269 (9th Cir. 1994)).

Dr. McIntire's training and education are well established by the record.  His curriculum vitae reflects that he received his MD and PhD in neuroscience from Harvard Medical School and that he is a consulting professor at Stanford University School of Medicine, with expertise and experience in spinal injuries. (McIntire Curriculum Vitae, ECF No. 131-3).  He has also been a licensed physician since 1993. (*Id.*).

His knowledge, skill, and experience are also evident.  Though Dr. McIntire's deposition was not taken in this case, Wal-Mart offers properly authenticated excerpts of testimony that Dr. McIntire provided in an unrelated case where he explained that "neurologists are responsible for evaluating and treating conditions of the nervous system, which one could look at as the brain, the spinal cord[,] and the peripheral nerves." (Nov. 6, 2013 Deposition of Steven McIntire 7:21-24, ECF No. 168-1).  The record demonstrates that Dr. McIntire seeks to opine about the character and extent of Ms. Lologo's injuries, as well as whether her medical treatment was reasonably necessary.  These topics clearly fall within Dr. McIntire's area of expertise, and Plaintiffs' Motion will thus be DENIED.

**G. Motion to Exclude Evidence or Argument Regarding an Investigation into Dr. Jasswinder Grover (ECF No. 132)**

In this Motion, Plaintiffs argue that Defendants should be precluded, pursuant to Rule 403, from presenting evidence regarding a civil fraud case filed against one of Ms. Lologo's treating physicians, Dr. Jasswinder Grover.  This lawsuit alleged that Dr. Grover, along with numerous other physicians, was involved in a scheme to provide insurance companies with "false and misleading documents in support of false claims for reimbursement" for hardware used in spinal surgeries. *California v. CPH Hospital Management, LLC*, No. BC572062 (Cal. Sup. Ct. Feb. 9, 2015) (Complaint).  This complaint was dismissed with prejudice as to Dr. Grover on October 27, 2015. (Request for Dismissal, ECF No. 132-2).

In their Motion, Plaintiffs overlook the fact that Federal Rule of Evidence 608(b) provides that "extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness.  But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of . . . the witness."  In this case, whether Dr. Grover submitted false and misleading documents in support of false claims of reimbursement is indicative of his character for truthfulness, and therefore is a permissible subject for inquiry on cross examination under Rule 608(b).  Therefore, this Motion will be DENIED insofar as it seeks the exclusion of such inquiry.  However, Rule 608(b) makes clear that extrinsic evidence is not admissible to attack Dr. Grover's character for truthfulness by proving specific instances of his conduct unrelated to this case.  Accordingly, this Motion will be GRANTED insofar as it seeks to exclude such extrinsic evidence.

///

///

///

**H. Motion to Exclude Evidence Regarding Prior or Subsequent Falls and Injuries (ECF No. 133)**

In this Motion, Plaintiffs argue that the Court should exclude, pursuant to Rule 401, all evidence regarding any occasions in which Ms. Lologo fell and any injuries she incurred before or after the alleged incident in the Wal-Mart store.  However, the question of whether Ms. Lologo had any lingering injuries prior to the incident at issue in this case or subsequently suffered any similar injuries is relevant to the jury's assessment of Ms. Lologo's alleged damages.

Additionally, Plaintiffs specifically request that Dr. McIntire be precluded from opining upon injuries that Ms. Lologo may have incurred in prior or subsequent incidents.  As discussed *supra*, the Court finds that Dr. McIntire is qualified to testify regarding the character and extent of the injuries Ms. Lologo allegedly suffered during the incident in question.  Similarly, the Court finds that Dr. McIntire is qualified to opine regarding Ms. Lologo's injuries that may have resulted from prior or subsequent falls.  Accordingly, this Motion will be DENIED.

**2. Defendant Wal-Mart's Motions in Limine**

**A. Motion to Exclude Expert Witness Dawn Cook (ECF No. 117)**

In this Motion, Wal-Mart argues that the Court should exclude the opinions of registered nurse Dawn Cook, who prepared a life-care plan for Ms. Lologo which itemizes over $3,000,000 in future care needs.  In creating this life care plan, Nurse Cook reviewed Ms. Lologo's medical records and interviewed Ms. Lologo and her family, but failed to interview or obtain recommendations from Ms. Lologo's treating physicians.  Nurse Cook has been licensed as a registered nurse since 1986, and has been a life care planner since November 2011. (Cook Curriculum Vitae, ECF No. 180-3).  Though Nurse Cook's curriculum vitae establishes that she would be well qualified to opine regarding the costs associated with future care if given accurate medical opinions by treating physicians, nothing in her education or experience

qualifies her to diagnose an individual's spinal injuries, state what course of treatment will be necessary for those injuries, or predict a person's prospects of long-term recovery after treatment.  Therefore, because Nurse Cook did not consult Ms. Lologo's treating physicians in forming her long-term care plan, the Court finds that her opinions are based on insufficient facts or data and must be excluded. *See Norwest Bank, N.A. v. Kmart Corporation*, No. 3:94-CV-78-RM, 1997 WL 33479072, at *6 (N.D. Ind. Jan. 29, 1997) (excluding the opinion of a life-care planner who failed to consult a plaintiff's physicians regarding the plaintiff's future medical care and treatment).  Accordingly, this Motion will be GRANTED.

### B. Motion to Exclude Expert Robin Caulfield (ECF No. 118)

In this Motion, Wal-Mart argues that the Court should exclude the opinions of architect Robin Caulfield, who seeks to testify regarding, *inter alia*, whether the substance upon which Ms. Lologo allegedly slipped would have been visible from the location of ASM's promotional event.  Mr. Caulfield's curriculum vitae states that he holds degrees in architecture and construction management, is a registered professional architect in California, Utah, and Nevada, and has been a construction and architecture professional since 1987. (Caulfield Curriculum Vitae, ECF No. 118-1).  In forming his opinions, Mr. Caulfield reviewed the deposition testimony of Ms. Lologo and Ms. Sedivy, the promotional agreement between Wal-Mart and ASM, and floor plans of the Wal-Mart store. (Caulfield Report p. 6, ECF No. 118-2). In its Motion, Defendant Wal-Mart correctly observes that the location of ASM's promotional display cart on the date of the incident is not a fact which requires expert opinion.  However, given Mr. Caulfield's extensive experience as an architect, the Court finds that he could offer the jury valuable insight in determining whether ASM employees could have seen the alleged substance on the floor, considering the layout of the Wal Mart store and Mr. Caulfield's understanding of where the promotional display cart was located.  Additionally, the Court finds that Wal-Mart's arguments regarding the accuracy of Mr. Caulfield's assessment as to the

location of the promotional display cart are more properly directed at the weight, rather than the admissibility, of Mr. Caulfield's testimony.  Accordingly, this Motion will be DENIED.

### C. Motion to Exclude Expert Alex Balian (ECF No. 119)

In this Motion, Wal-Mart argues that the Court should exclude the opinions of retail industry safety expert Alex Balian, who seeks to testify regarding the standards of the retail industry in regard to cleaning, maintenance, and inspections.  Wal-Mart also seeks to exclude evidence relating to its employees' compliance with its own policies and procedures.

In regard to the latter request, the Court has already discussed *supra* that whether Wal-Mart employees adhered to the store's policy in responding to the alleged incident is irrelevant to the question of negligence.  *See McConnell v. Wal-Mart Stores, Inc.*, 995 F. Supp. 2d 1164, 1169 (D. Nev. 2014) ("Whether a defendant's actions in a particular instance are negligent does not at all depend upon his habits or personal guidelines for his own behavior. . . . [T]estimony concerning Wal–Mart's own policies and whether Defendant's employees adhered to them in this case would be irrelevant.").  Therefore, this Motion will be GRANTED insofar as it requests exclusion of evidence regarding Wal-Mart's policies and whether Defendants adhered to them.

The Court notes that Mr. Balian holds a master's degree in business administration, and owned and operated a supermarket from June 1965 until September 1986.  Mr. Balian has worked as an expert in retail industry safety since 1988.  Furthermore, Wal-Mart does not appear to argue that Mr. Balian lacks specialized knowledge and expertise regarding the industry standards regarding cleaning, maintenance, and inspections.  Instead, Wal-Mart argues that Mr. Balian's opinions should be excluded because some of his deposition testimony lacked clarity as to whether the policies of this particular Wal-Mart store or his general understanding of the standards of the industry should be used to determine negligence in this case. *See* (Balian Depo. 40:24-41:7, ECF No. 181-7) ("You asked me how often should they be doing it.  I gave

you the frequency.  That's a common practice.  Walmart said they inspect it all the time.  So you are asking me should they inspect it every 15 minutes.  Well, they are there all the time.  So my opinion is if they are doing it all the time, they should have seen this hazard.").  However, the Court finds that any perceived uncertainty by Mr. Balian as to the industry standards would be an appropriate subject for cross examination, but does not constitute a ground for the exclusion of his opinions.  Accordingly, this Motion will be DENIED insofar as it requests the exclusion of Dr. Balian's opinions in their entirety.

### D. Motion to Exclude Plaintiffs' Claim for Punitive Damages (ECF No. 121)

In this Motion, Wal-Mart requests the exclusion of Plaintiffs' claim for punitive damages.  However, Wal-Mart cites no authority, and the Court is unaware of any, which would permit the exclusion of a claim for a category of damages through a motion in limine.  Indeed, other district courts have recognized that such a request would be properly asserted within a motion for summary judgment rather than a motion in limine. *Dollman v. Mast Indus., Inc.*, No. 08-CIV-10184-WHP, 2011 WL 3911035, at *2 (S.D.N.Y. Sept. 6, 2011) ("Mast also moves to 'exclude' Dollman's claim for punitive damages because she purportedly cannot meet her burden at trial of proving her entitlement to this remedy.  However, although styled as a motion to exclude evidence, this is in reality a motion for summary judgment . . . .").  Accordingly, Wal-Mart's motion to exclude Plaintiffs' claim for punitive damages is DENIED.  Of course, Wal-Mart may move to dismiss Plaintiffs' claim for punitive damages after Plaintiffs rest at trial.

### E. Motion to Exclude Evidence of Wal-Mart's Financial Condition (ECF No. 122 3:18-4:18)

In this Motion, Wal-Mart requests an order prohibiting Plaintiffs from commenting on Wal-Mart's financial status.  Plaintiffs do not oppose this request.  These arguments are improper under the facts and pleadings in this case, and therefore the motion will be

GRANTED. *See Alexander v. Wal-Mart Stores, Inc.*, No. 2:11-cv-752-JCM-PAL, 2013 WL 427132, at *2 (D. Nev. Feb. 1, 2013).

### F. Motions to Exclude from the Courtroom Treating Physicians and Other Lay Witnesses Who Have Not Yet Testified (ECF No. 122 4:19-28)

In these Motions, Wal-Mart requests that all treating physicians and other lay witnesses be excluded from the courtroom until the time of that person's testimony.  Plaintiffs do not oppose this request.  Therefore, these Motions will be GRANTED. *See* Fed. R. Evid. 615 ("At a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony.").

### G. Motion to Exclude Evidence of Subsequent Remedial Measures (ECF No. 122 5:1-14)

In this Motion, Wal-Mart requests that the Court exclude evidence regarding Wal-Mart's attempts to remedy any hazardous conditions after the alleged incident as well as any evidence of changes to Wal-Mart's policies following the incident.  Plaintiffs do not oppose this request. Accordingly, this Motion will be GRANTED. *See* Fed. R. Evid. 407 ("When measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove . . . negligence . . . .").

### H. Motion to Exclude Discussion as to Where an Attorney or Firm Practices (ECF No. 122 5:15-6:2)

In this Motion, Wal-Mart requests that the Court exclude any references to its counsel's main office, other offices, and the states where its counsel are licensed to practice.  Plaintiffs do not oppose this request.  Accordingly, this Motion will be GRANTED.

///

///

**I. Motion to Exclude Evidence of Medical Damages Beyond the Amounts Paid or Owed by Ms. Lologo (ECF No. 122 6:3-8:4)**

In this Motion, Wal-Mart requests that Plaintiffs' evidence regarding medical damages be limited to the amounts actually paid or owed by Ms. Lologo, and that the Court should preclude Plaintiffs from discussing the full cost of care or expenses which may later be reduced by Ms. Lologo's physicians.  The Court has discussed *supra* that evidence of potential write downs or forgiveness of medical liens represent collateral sources of payment and must be excluded.  Similarly, the Court also finds that Plaintiffs cannot be denied the opportunity to present evidence regarding the full amount of Ms. Lologo's billed medical expenses, as doing so would prevent them from recovering the full amount of their alleged damages. *Gresham v. Petro Stopping Centers, LP*, No. 3:09-CV-0034-RCJ, 2012 WL 5198481, at *3 (D. Nev. Oct. 18, 2012) ("The collateral source rule makes the tortfeasor liable for the full extent of the damages caused, no matter how much the victim actually pays. That a medical provider ultimately accepts less than a billed amount, whether from an insurance company or from the victim directly, is not relevant to whether the tortfeasor is liable for the full value of the harm he has caused.").  Thus, this Motion will be DENIED.

**J. Motion to Exclude Evidence of Other Slip and Fall Incidents (ECF No. 122 8:6-9:17)**

In this Motion, Wal-Mart requests the exclusion of all evidence of other falls, incidents, or reports of incidents at the Wal-Mart store.  It is true that the majority of evidence of other falls, incidents, or reports of incidents is irrelevant and inadmissable under Federal Rule of Evidence 402. *See generally Eldorado Club, Inc. v. Graff*, 377 P.2d 174, 176 (Nev. 1962) ("We hold, therefore, that where a slip and fall is caused by the temporary presence of debris or foreign substance on a surface, which is not shown to be continuing, it is error to receive 'notice evidence' of the type here involved for the purpose of establishing the defendant's

duty.").  Therefore, Wal-Mart's Motion is GRANTED insofar as it seeks to exclude evidence of other slip-and-fall incidents involving the temporary presence of debris or a foreign substance.

### K. Motion to Exclude Hearsay Statements in Ms. Lologo's Medical Records (ECF No. 122 9:18-11:10)

In this Motion, Wal-Mart argues that the Court should exclude statements within Ms. Lologo's medical records that constitute inadmissible hearsay.  However, Wal-Mart fails to provide specific examples of such statements from the medical records at issue.  The Court assures the parties that it will enforce the Rules of Evidence at trial, including those barring the introduction of inadmissible hearsay.  Therefore, this Motion will be GRANTED, but the parties must raise specific objections regarding hearsay at trial.

### L. Motion to Exclude References to Surveillance Footage (ECF No. 122 11:11-21)

In this Motion, Wal-Mart argues that the Court should exclude any statements implying that video footage of Ms. Lologo's alleged fall ever existed.  As discussed *supra*, Plaintiffs have failed to produce any evidence demonstrating the existence of video footage of the alleged incident.  Therefore, any suggestion that video footage existed and was concealed by Wal-Mart would present a significant danger of unfair prejudice without any redeeming probative value. Accordingly, this Motion will be GRANTED.

### M. Motion to Preclude Non-Retained Experts or Experts Who Have Not Prepared a Report From Testifying About Causation and Future Medical Damages (ECF No. 123)

In this Motion, Wal-Mart requests that the Court preclude Ms. Lologo's treating physicians from testifying regarding causation and future care because Plaintiffs failed to disclose these witnesses as experts pursuant to Federal Rule of Civil Procedure 26.

Federal Rule of Civil Procedure 26 requires parties to "disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence

702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A).  "The rule contemplates two different classes of experts: those retained or specially employed to give testimony in the case, and other witnesses who may qualify as an expert but are not retained or specially employed." *Piper v. Harnischfeger Corp.*, 170 F.R.D. 173, 174 (D. Nev. 1997).  A treating physician need not submit a report pursuant to Rule 26 in order to testify regarding opinions that were formed during the course of treatment. *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 826 (9th Cir. 2011).  However, in order to testify to issues outside of this scope, such as the cause of a plaintiff's injuries or future damages, the treating physician must properly submit a Rule 26(a)(2) report. *Wilson v. Biomat USA, Inc.*, No. 2:10-cv-1657-GMN-RJJ, 2011 WL 4916550, at *2 (D. Nev. Oct. 17, 2011); *see also United States v. Urena*, 659 F.3d 903, 908 (9th Cir. 2011) (holding that a physician's assessment of the cause of an injury constitutes expert testimony); *McPeek v. Harrah's Imperial Palace Corp.*, No. 2:13-cv-1371-JAD-PAL, 2015 WL 5286794, at *5 (D. Nev. Sept. 9, 2015) (holding that future medical damages exceeded the scope of a treating physician's testimony).

In this case, Magistrate Judge Peggy Leen has already made clear that Plaintiffs have failed to provide expert disclosure reports pursuant to Rule 26(a)(2). (Transcript of March 29, 2016 Hearing, ECF No. 90) ("You're asking to reopen discovery to designate a retained expert who will take the place of the treatings *who have not provided expert disclosure reports that comply with Rule 26*, and you're asking to do that in order to have that expert opine on subject matter areas for which an expert report is required that your treating physicians have not supplied.") (emphasis added).  Furthermore, Plaintiffs offer no authority to persuade the Court that a treating physician who has not submitted a report pursuant to Rule 26(a)(2) should be able to offer testimony exceeding opinions that were formed during the course of treatment. Accordingly, this Motion will be GRANTED, and Ms. Lologo's treating physicians will be precluded from offering opinions regarding causation and future medical damages.

### 3. Defendant ASM's Motions in Limine

#### A. Motion to Exclude Expert Alex Balian (ECF No. 93)

In this Motion, ASM argues that the Court should exclude the opinions of retail industry safety expert Alex Balian, who seeks to offer opinions regarding the standards of the retail industry in regard to cleaning, maintenance and inspections.  However, as discussed *supra* in regard to Wal-Mart's Motion to exclude Mr. Balian, the arguments set forth by ASM relate to the weight rather than the admissibility of Mr. Balian's testimony.  Therefore, this Motion will be DENIED.

#### B. Motion to Exclude Ms. Lologo's Testimony Regarding the Moment of the Alleged Fall (ECF No. 110)

In this Motion, ASM argues that the Court should exclude Ms. Lologo's testimony regarding description of her fall because she expressed uncertainty during her deposition as to the positioning of her body during and after the fall, (Lologo Depo. 84:5-86:5, ECF No. 110-1), as well as the color of the substance she allegedly slipped on and the amount of that substance that was present on the floor, (*id.* 73:8-75:6).  However, the Court finds there is little risk of unfair prejudice even if Ms. Lologo's testimony at trial is inconsistent with the statements she made in her deposition, as Ms. Lologo will be subject to cross-examination and impeachment.  Accordingly, the Court finds that Ms. Lologo's testimony cannot properly be excluded pursuant to Rule 403, and this Motion will be DENIED.

#### C. Motion to Exclude Evidence that Disputes Witness Kara Sedivy's Recollection of the Location of ASM's Promotional Event (ECF No. 111)

In this Motion, ASM argues that the Court should exclude evidence which disputes witness Kara Sedivy's deposition testimony that ASM's promotional event took place between the cash register stations and the front door of the Wal-Mart store.  However, the Court has already found that a genuine dispute of material fact exists as to the location of the promotional

1   event. (Order on MSJ 6:14-15, ECF No. 71).  Indeed, an assignment review sheet produced by

2   ASM indicates that the promotional event took place in "Action Alley," which is located prior

3   to the point of sale, and closer to where Ms. Lologo's alleged fall occurred. (Assignment

4   Review, ECF No. 65-9); (Wiseman Affidavit ¶¶ 5-6).  Therefore, ASM's own evidence

5   disputes Ms. Sedivy's recollection as to the location of the promotional event, and Wal-Mart

6   may present such evidence at trial if it is able to lay a proper foundation.  Accordingly, this

7   Motion will be DENIED.

8   **D. Motion to Exclude Testimony Identifying the Substance Upon Which Ms.**

9   **Lologo Slipped as Applesauce (ECF No. 112)**

10   In this Motion, ASM argues that the Court should exclude testimony indicating that the

11   substance Ms. Lologo slipped on was applesauce because the substance was neither preserved

12   nor tested.  However, Ms. Sedivy testified during her deposition that the substance appeared to

13   be applesauce based on its color and thickness.  ASM cites no precedent indicating that the

14   identification of applesauce requires advanced scientific, technical, or other specialized

15   knowledge.  Indeed, applesauce is a common substance prevalent in American households, and

16   therefore the Court finds that Ms. Sedivy need not be qualified as an expert to offer her

17   testimony, so long as she attests to having previous personal encounters with applesauce. *See*

18   Fed. R. Evid. 602 ("A witness may testify to a matter only if evidence is introduced sufficient

19   to support a finding that the witness has personal knowledge of the matter.  Evidence to prove

20   personal knowledge may consist of the witness's own testimony.").  Accordingly, this Motion

21   will be DENIED.

22   **E. Motion to Exclude Expert Witness Dawn Cook (ECF No. 113)**

23   In this Motion, ASM argues that the Court should exclude the opinions of registered

24   nurse Dawn Cook.  The Court assessed Wal-Mart's similar request *supra*, and found it to be

25

meritorious.  Therefore, for the reasons set forth in Section 2A of this Order, ASM's Motion will be GRANTED.

**F. Motion to Limit the Testimony of Marci Hopkinson (ECF No. 114)**

In this Motion, ASM requests that the Court exclude testimony by Ms. Lologo's friend Marci Hopkinson that arises from hearsay or is otherwise unrelated to Ms. Hopkinson's personal knowledge.  Plaintiffs do not oppose this request.  Accordingly, this Motion will be GRANTED, and Ms. Hopkinson will be permitted to testify only regarding events within her personal knowledge.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Impose Sanctions for Spoliation of Evidence (ECF No. 120) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Exclude Wal-Mart's Excuse Evidence (ECF No. 124) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Exclude Testimony Regarding Paul Mott's Accident Investigation and Whether it Conformed to Wal-Mart's Procedures (ECF No. 125) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Exclude References to Collateral Sources of Payment (ECF No. 126) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Exclude References to How Ms. Lologo was Referred to Medical Providers (ECF No. 128) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Exclude Evidence of Mr. Lologo's Absence from the Hospital and Ms. Lologo's use of a Taxi to Leave the Hospital (ECF No. 130) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Exclude Expert Witness Steven L. McIntire (ECF No. 131) is **DENIED.**

1    **IT IS FURTHER ORDERED** that Plaintiffs' Motion to Exclude Evidence and

2    Argument Regarding an Investigation into Dr. Jasswinder Grover (ECF No. 132) is

3    **GRANTED IN PART** and **DENIED IN PART**, pursuant to the foregoing.

4    **IT IS FURTHER ORDERED** that Plaintiffs' Motion to Exclude Evidence Regarding

5    Any Prior or Subsequent Falls and Injuries (ECF No. 133) is **DENIED.**

6    **IT IS FURTHER ORDERED** that Wal-Mart's Motion to Exclude Expert Witness

7    Dawn Cook (ECF No. 117) is **GRANTED.**

8    **IT IS FURTHER ORDERED** that Wal-Mart's Motion to Exclude Expert Robin

9    Caulfield (ECF No. 118) is **DENIED.**

10    **IT IS FURTHER ORDERED** that Wal-Mart's Motion to Exclude Expert Alex Balian

11    (ECF No. 119) is **GRANTED IN PART** and **DENIED IN PART**, pursuant to the foregoing.

12    **IT IS FURTHER ORDERED** that Wal-Mart's Motion to Exclude Plaintiffs' Claim for

13    Punitive Damages (ECF No. 121) is **DENIED.**

14    **IT IS FURTHER ORDERED** that Wal-Mart's Omnibus Motion to Exclude (ECF No.

15    122) is **GRANTED IN PART** and **DENIED IN PART**, pursuant to the foregoing.

16    **IT IS FURTHER ORDERED** that Wal-Mart's Motion to Preclude Non-Retained

17    Experts or Experts Who Have Not Prepared a Report from Testifying About Causation and

18    Future Medical Damages (ECF No. 123) is **GRANTED**.

19    **IT IS FURTHER ORDERED** that ASM's Motion to Exclude Expert Alex Balian

20    (ECF No. 93) is **DENIED.**

21    **IT IS FURTHER ORDERED** that ASM's Motion to Exclude Ms. Lologo's Testimony

22    Regarding the Moment of the Alleged Fall (ECF No. 110) is **DENIED.**

23    **IT IS FURTHER ORDERED** that ASM's Motion to Exclude Evidence that Disputes

24    Witness Kara Sedivy's Recollection of the Location of ASM's Promotional Event (ECF No.

25    111) is **DENIED.**

**IT IS FURTHER ORDERED** that ASM's Motion to Exclude Testimony Identifying the Substance Upon Which Ms. Lologo Slipped as Applesauce (ECF No. 112) is **DENIED.**

**IT IS FURTHER ORDERED** that ASM's Motion to Exclude Expert Witness Dawn Cook (ECF No. 113) is **GRANTED.**

**IT IS FURTHER ORDERED** that ASM's Motion to Limit the Testimony of Marci Hopkinson (ECF No. 114) is **GRANTED.**

**DATED** this _____29_____ day of July, 2016.

_____

Gloria M. Navarro, Chief Judge
United States District Court