UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBBIN L. LOLOGO; and<br>VINCENT J. LOLOGO,<br><br>　　　　　　　Plaintiffs,<br><br>vs.<br><br>WAL-MART STORES, INC. d/b/a WAL-MART<br>SUPERCENTER STORE #1834; and<br>ADVANTAGE SALES & MARKETING LLC,<br><br>　　　　　　　Defendants. | Case No.: 2:13-cv-1493-GMN-PAL<br><br>**ORDER** |

Before the Court is the Objection to Defendants' Trial Briefs and Proposed Jury Instructions (ECF No. 213) filed by Plaintiffs Robbin Lologo ("Ms. Lologo") and Vincent Lologo ("Mr. Lologo") (collectively "Plaintiffs"), the Motion in Limine (ECF No. 200) filed by Defendant Advantage Sales & Marketing LLC ("ASM") and joined by Defendant Wal-Mart Stores, Inc. ("Wal-Mart") (collectively "Defendants"), and Plaintiffs' Motion to Amend the Pretrial Order (ECF No. 214).[1]  All of the Motions are now fully briefed.

**I.    BACKGROUND**

This case arises out of an alleged slip and fall that occurred at Wal-Mart Store #1834, a Wal-Mart Supercenter Store in Grants Pass, Oregon (the "Wal-Mart store"). (Am. Compl. ¶ 9, ECF No. 57).  On August 7, 2011, Ms. Lologo was shopping in the Wal-Mart store and, while approaching a checkout line, she allegedly slipped and fell on a brownish-yellow substance that

---

[1] Also before the Court are two Motions for Leave to file Excess Pages. (ECF Nos. 201, 225).  The Court GRANTS these motions.

was on the floor. (*Id.*); (Pls.' Resp. 4:4-5).  A witness later stated that the substance was applesauce. (Depo. of Kira Sidivy p. 33, ECF No. 65-4).

ASM and Wal-Mart had an "In Store Promotions Agreement" (the "Agreement") in effect on the date of the incident.  Although the parties dispute the precise location where ASM's promotional event took place, the parties agree that ASM distributed applesauce in the Wal-Mart Store on August 7, 2011.

Plaintiffs filed the instant action in state court on July 12, 2013. (Ex. B to Pet. for Removal, ECF No. 1).  Wal-Mart removed the case to this Court on August 20, 2013. (ECF No. 1).  Plaintiffs amended their Complaint to add ASM as a defendant on July 22, 2014. (ECF No. 57).  In their Amended Complaint, Plaintiffs assert claims against Wal-Mart and ASM for (1) negligence, (2) negligent hiring and supervision, and (3) loss of consortium. (Am. Compl. ¶¶ 8–28, ECF No. 56).  On April 27, 2015, the Court granted summary judgment in ASM's favor only as to Plaintiffs' claim for negligent hiring and supervision. (Order on MSJ, ECF No. 71).

Before the Court are several issues to be resolved before trial.  First, Plaintiffs' Objection to Defendants' Trial Briefs and Proposed Jury Instructions (ECF No. 213) asks the Court to apply Nevada law to this case.  Next, Plaintiffs' Motion to Amend (ECF No. 214) seeks to add certain exhibits to the Joint Pretrial Order (ECF No. 77).  Finally, ASM filed a Motion in Limine (ECF No. 200) to exclude Ms. Lologo's treating physician, Dr. Grover, from testifying.

## II.     LEGAL STANDARD

### A.     Plaintiffs' Objection Regarding Choice-of-Law (ECF No. 213)

"A federal court sitting in diversity ordinarily must follow the choice-of-law rules of the State in which it sits." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 134 S. Ct. 568, 582 (2013).  Nevada's choice-of-law jurisprudence in tort actions is governed by the most significant relationship test, as provided by the Restatement (Second) of Conflict of Laws

§ 145. *Gen. Motors Corp. v. Eighth Judicial Dist. Court of State of Nev. ex rel. County of Clark*, 122 Nev. 466 (2006).  Section 145 provides:

> (1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.
> (2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:
>    (a) the place where the injury occurred,
>    (b) the place where the conduct causing the injury occurred,
>    (c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and
>    (d) the place where the relationship, if any, between the parties is centered.

Restatement (Second) of Conflict of Laws § 145 (1971).  These contacts are to be evaluated according to their relative importance with respect to the particular issue.

Section 145 applies to tort actions "unless another, more specific section of the Second Restatement applies to the particular tort." *Gen. Motors Corp.*, 122 Nev. at 473.  The Second Restatement specifically addresses personal injury actions in § 146, providing a modified version of the most significant relationship test.  Section 146 of the Second Restatement states:

> In an action for personal injury, the local law of the state where the injury occurred determines the rights and liabilities of the parties, unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 to the occurrence and the parties, in which event the local law of the other state will be applied.

Restatement (Second) of Conflict of Laws § 146.

The Second Restatement defines "personal injury" as "either physical harm or mental disturbance, such as fright and shock, resulting from physical harm or from threatened physical harm or other injury to oneself or to another." *Id.* § 146 cmt. b.  Both § 145 and § 146 incorporate the following principles from § 6:

      (a) the needs of the interstate and international systems,
      (b) the relevant policies of the forum,
      (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,
      (d) the protection of justified expectations,
      (e) the basic policies underlying the particular field of law,
      (f) certainty, predictability and uniformity of result, and
      (g) ease in the determination and application of the law to be applied.

*Vignola v. Gilman*, 854 F. Supp. 2d 883, 887 (D. Nev. 2012). These principles are not intended to be exclusive and no one principle is weighed more heavily than another. Restatement (Second) of Conflict of Laws § 6 (1971).

      **B.**      **ASM's MIL to Exclude Testimony of Dr. Grover (ECF No. 200)**

A motion in limine is a procedural device to obtain an early and preliminary ruling on the admissibility of evidence. Black's Law Dictionary defines it as "[a] pretrial request that certain inadmissible evidence not be referred to or offered at trial. Typically, a party makes this motion when it believes that mere mention of the evidence during trial would be highly prejudicial and could not be remedied by an instruction to disregard." Black's Law Dictionary 1109 (9th ed. 2009). Although the Federal Rules of Evidence do not explicitly authorize motions in limine, the Supreme Court has held that trial judges are authorized to rule on motions in limine pursuant to their authority to manage trials. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984).

It is settled law that in limine rulings are provisional. Such "rulings are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *accord Luce*, 469 U.S. at 41 (noting that in limine rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted to trial. Denial merely means that without the context of trial, the court

is unable to determine whether the evidence in question should be excluded." *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004).

Judges have broad discretion when ruling on motions in limine. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). However, a motion in limine should not be used to resolve factual disputes or weigh evidence. *See C&E Servs., Inc., v. Ashland, Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008). To exclude evidence on a motion in limine "the evidence must be inadmissible on all potential grounds." *E.g.*, *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d at 846. "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). This is because although rulings on motions in limine may save "time, costs, effort and preparation, a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1219 (D. Kan. 2007).

**C.     Plaintiffs' Motion to Amend the Pretrial Order (ECF No. 214)**

Under Rule 16(e), "[t]he court may modify the order issued after a final pretrial conference only to prevent manifest injustice." Fed. R. Civ. P. 16(e); *Byrd v. Guess*, 137 F.3d 1126, 1132 (9th Cir. 1998); (*see also* Joint Pretrial Order 25:17–20, ECF No. 77) ("This order shall [not] be amended except by order of the court pursuant to agreement of the parties or to prevent manifest injustice."). "In evaluating a motion to amend the pretrial order, a district court should consider four factors: (1) the degree of prejudice or surprise to the defendants if the order is modified; (2) the ability of the defendants to cure the prejudice; (3) any impact of modification on the orderly and efficient conduct of the trial; and (4) any willfulness or bad faith by the party seeking modification." *Galdamez v. Potter*, 415 F.3d 1015, 1020 (9th Cir. 2005) (citing *Byrd*, 137 F.3d at 1132). After considering these factors, if "the court determines

that refusal to allow a modification might result in injustice while allowance would cause no substantial injury to the opponent and no more than slight inconvenience to the court, a modification should ordinarily be allowed." *United States v. First Nat'l Bank of Circle*, 652 F.2d 882, 887 (9th Cir. 1981). The trial judge may exclude evidence not identified in accordance with the pretrial order when the party seeking to introduce the evidence offers no justification for delay. *Colvin v. United States*, 549 F.2d 1338, 1340 (9th Cir. 1977). In such a case, "[a]ny injustice resulting from exclusion . . . comes from [the defaulting party's] own failure properly to present his case." *Id.*

### III. DISCUSSION

#### A. Plaintiffs' Objection Regarding Choice-of-Law (ECF No. 213)

After consideration of the factors and principles in the Restatement (Second) of Conflict of Laws §§ 6, 145, and 146, the Court finds that Oregon bears the most significant relationship to the accident. The needs of interstate and international systems and the basic policies underlying this particular field of law do not favor of Nevada any more than they do Oregon. *See* Restatement (Second) of Conflict of Laws § 6(a), (e). To the extent that these two factors are applicable here, they are neutral. Likewise, the relevant policies of Nevada and Oregon neutralize one another. *See id.* § 6(b), (c). On the one hand, Nevada has an interest in protecting its citizens, and on the other, Oregon has an equally strong interest in protecting its businesses. These two factors are therefore neutral.

The protection of justified expectations favors applying Oregon law. *See id.* § 6(d). Oregon has a justified expectation that its tort rules will be applied to conduct and injuries occurring in Oregon. Additionally, entities conducting business in Oregon have a justified expectation they will be held accountable under Oregon tort law. In contrast, out-of-state visitors do not have a justifiable expectation that they will bring their state's laws with them when they travel. In situations such as this one, allowing Plaintiffs to drag Nevada's loss-

distribution laws with them when they visit another state would, in practice, permit Nevada to usurp other states' legislatures. Plaintiffs' misplaced expectation that Nevada law would apply simply because Ms. Lologo sought treatment in Nevada is not supported by caselaw and is therefore not justified.[2] *See Deboles v. Nat'l R.R. Passenger Corp.*, No. 2:11-cv-276-JCM-CWH, 2012 WL 607609, at *3 (D. Nev. Feb. 24, 2012). Accordingly, this factor favors the application of Nevada law.

Applying Oregon law to this action also furthers the certainty, predictability, and uniformity of results. *See* Restatement (Second) of Conflict of Laws § 6(f). There is no dispute that both the accident and the conduct giving rise to the injury occurred in Oregon. When the conduct and injury occur in one state, common sense dictates that applying that state's law provides certainty, predictability, and uniformity to future incidents whose conduct and injury occur in the same state. While Plaintiffs generally argue that applying Oregon substantive law "would unfairly prejudice Plaintiffs," (Obj. 6:25–26), Plaintiffs do not articulate how or why they would be prejudiced. Given the "general rule in section 146 [that] requires the court to apply the law of the state where the injury took place," *Gen. Motors Corp.*, 122 Nev. at 475, this factor favors applying Oregon law.

Finally, while Nevada courts are most familiar with Nevada law, Nevada and Oregon's tort law, although different, is not particularly complicated or difficult to apply. *See* Restatement (Second) of Conflict of Laws § 6(g). This factor only slightly favors the application of Nevada law.

In consideration of the foregoing factors, the court concludes that Nevada does not have a more significant relationship to this litigation which would warrant application of Nevada

---

[2] While the Court agrees with Plaintiffs that the choice-of-law issue ought to have been settled well in advance of trial, (*see* Obj. 6:15–17, ECF No. 213), the parties' collective failure to raise the issue does not foreclose its consideration. *See Thomas v. Dow*, No. CIV.A.3:01CV2160R, 2003 WL 222630, at *1 (N.D. Tex. Jan. 28, 2003) ("[W]hile Defendants did raise the issue of choice of law quite close to the date of trial, the issue was raised in time for the Court to consider its applicability to the trial . . . .").

law. Accordingly, the Court finds that the rights of Plaintiffs and the liability of Defendants are determined by Oregon law.

### B. ASM's MIL to Exclude Testimony of Dr. Grover (ECF No. 200)

In this Motion, ASM requests that the Court sanction Plaintiffs pursuant to Federal Rule of Civil Procedure 37(c)(1) by excluding one of Ms. Lologo's treating physicians, Dr. Jasswinder Grover, from testifying at trial. (*See* Mot. in Limine 4:16–21).[3] ASM argues that "Dr. Grover morphed from a treating physician to an expert" because "he was instructed to prepare a report with his opinions on multiple occasions just like an expert, he was provided records from Plaintiffs' Counsel just like an expert, and he was paid just like an expert." (*Id.* 3:25, 18:14–17). In the alternative, ASM requests that the Court preclude Dr. Grover from testifying to his opinions regarding causation and future care. (*Id.* 20:9–13).

Federal Rule of Civil Procedure 37 authorizes sanctions for a party's failure to make disclosures or cooperate in discovery. Rule 37(c)(1) provides, in relevant part:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

Fed. R. Civ. P. 37(c)(1). Rule 37 "gives teeth" to the disclosure requirements of Rule 26 by forbidding the use at trial of any information that is not properly disclosed. *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011). Rule 37(c)(1) is a "self-executing, automatic" sanction designed to provide a strong inducement for disclosure, and it

---

[3] ASM filed a Reply (ECF No. 226) to Plaintiffs' Response without leave of Court. Local Rule 16-3(a) allows for a response to a motion in limine. No provision exists for filing a reply. Thus, a party must obtain leave from the Court before filing a reply. Here, because ASM did not request leave from the Court to file a reply, ASM's Reply shall be stricken from the record.

In addition, Wal-Mart filed a Motion for Leave to File a Reply Brief in Support of Joinder to ASM's Motion in Limine. (ECF No. 227). For good cause appearing, the Court denies Wal-Mart's Motion. Accordingly, Wal-Mart's Reply (ECF No. 228) shall also be stricken from the record.

explicitly provides that an evasive or incomplete disclosure, answer, or response to a discovery obligation "is to be treated as a failure to disclose, answer, or respond." *Id.*

The Court finds that because Plaintiffs properly designated Dr. Grover as a treating physician under Rule 26, (*see* Ex. 2 to Resp. 5:18–22, ECF No. 224-2), Rule 37 does not operate to completely exclude his testimony.[4]  Indeed, Magistrate Judge Peggy Leen denied an almost identical request made by ASM. (*See* Tr. of July 5, 2016 Hearing 28:22–25, ECF No. 137) ("Dr. Grover is excluded as a specially retained expert for purposes of litigation.  He is not excluded with respect to opinions formed during the course of his treating physician relationship with your client.").

In addition, the Court has already addressed ASM's alternative request to preclude Dr. Grover from testifying regarding causation and future care.  After ASM filed the instant Motion, the Court granted Wal-Mart's Motion in Limine to preclude Ms. Lologo's treating physicians from offering opinions regarding causation and future medical damages. (*See* Order 17:18–18:25, ECF No. 211).  Consistent with that Order, Dr. Grover's testimony should be limited to his treatment of Ms. Lologo.  Beyond that, Dr. Grover may not provide any expert testimony regarding opinions or conclusions formed outside the course of treatment of Ms. Lologo. *See United States v. Urena*, 659 F.3d 903, 908 (9th Cir. 2011) (holding that a physician's assessment of the cause of an injury constitutes expert testimony).  Accordingly, ASM's Motion is GRANTED to the extent that Dr. Grover may not testify regarding causation and future medical damages, and DENIED in that Dr. Grover's testimony is not completely precluded.

---

[4] ASM disputes that Dr. Grover qualifies as a treating physician. (*See* Mot. in Limine 12:17–27).  However, Dr. Grover has treated Ms. Lologo since February 2012, (Grover Depo. 24:21, Ex. B to Mot. in Limine), and counsel for ASM agreed before Magistrate Judge Leen that Dr. Grover qualified as a treating physician (Tr. of July 5, 2016 Hearing 5:14–17, ECF No. 137) ("THE COURT: Well, there's no question that Dr. Grover is a treating physician, is there?  He performed surgery.  He's been treating the plaintiff since 2012.  MR. NUNEZ: Right."). Accordingly, the Court finds that this aspect of ASM's argument is without merit.

**C.    Plaintiffs' Motion to Amend the Pretrial Order (ECF No. 214)**

The degree of prejudice to Defendants is simply too high to justify amending the Joint Pretrial Order to add exhibits from 2015.  Defendants have "relied on the pretrial order and [have] prepared for the claims and evidence outlined therein." (ASM's Resp. 3:17–18, ECF No. 220).  Given that Plaintiffs' Motion was filed a mere ten days before trial, the Court finds that amendment at this late stage would cause a "substantial injury" to Defendants. *First Nat. Bank of Circle*, 652 F.2d at 887.  Additionally, Plaintiffs provide no justification for the delay in amending the Joint Pretrial Order.  Instead, Plaintiffs simply point out that "[s]ince the filing of the Joint Pre-Trial Order, there have been significant events, including lumbar surgery for [Ms. Lologo]." (Mot. to Amend 2:8–9).  This hardly explains why Plaintiffs have waited until ten days before trial to add exhibits related to events that predate the original February 8, 2016 trial date. (*See, e.g.*, *id.* 2:16–19) (seeking to add medical records from June 26, 2015).  As the Ninth Circuit has repeatedly noted, any injustice resulting from such an exclusion comes from the party's own failure to properly present his case. *See, e.g.*, *Delta Sys., Inc. v. TRW*, 874 F.2d 815 (9th Cir. 1989); *United States v. Lummi Indian Tribe*, 841 F.2d 317, 320 (9th Cir. 1988); *Colvin*, 549 F.2d at 1340.

As to the exhibits from Plaintiffs' July 29, 2016 Twentieth Supplement to Initial Disclosures, Defendants have failed to indicate that any prejudice would result from adding such exhibits to the Proposed Amended Joint Pretrial Order.  Defendants should reasonably expect that Plaintiffs would only now receive some documents given ASM's July 25, 2016 deposition of Dr. Grover.  However, the Court notes that although these exhibits will be added to the Joint Pretrial Order, Plaintiffs are still required to move to admit them at trial.  Accordingly, admission of these exhibits is subject to the Court's orders on the parties' motions in limine.  For these reasons, Plaintiffs' Motion to Amend the Joint Pretrial Order is

GRANTED in part and DENIED in part.[5]  The Joint Pretrial Order shall be amended only to include the exhibits from Plaintiffs' Twentieth Supplement to Initial Disclosures listed in Plaintiffs' Motion.

## IV.    CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs' Objection (ECF No. 213) is **OVERRULED**.  The Court shall apply Oregon law to resolve Plaintiffs' claims.

**IT IS FURTHER ORDERED** that ASM's Motion in Limine (ECF No. 200) is **GRANTED IN PART** and **DENIED IN PART**, pursuant to the foregoing.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Leave to File Excess Pages (ECF No. 225) is **GRANTED**.

**IT IS FURTHER ORDERED** that ASM's Motion to File Excess Pages (ECF No. 201) is **GRANTED**.

**IT IS FURTHER ORDERED** that Wal-Mart's Motion for Leave to File a Reply Brief (ECF No. 227) is **DENIED**.

**IT IS FURTHER ORDERED** that Wal-Mart's Reply (ECF No. 228) is hereby **STRICKEN** from the record.

**IT IS FURTHER ORDERED** that ASM's Reply (ECF No. 226) is hereby **STRICKEN** from the record.

---

[5] Wal-Mart's Response (ECF No. 221) to Plaintiffs' Motion to Amend includes a "Counter-Motion" to Exclude Per Rule 37(c).  The "Counter-Motion" does not relate to any evidentiary issues but rather implicates discovery issues properly brought before the Magistrate Judge well before the eve of trial.  For example, Wal-Mart requests, *inter alia*, the exclusion of the testimony of a witness to Ms. Lologo's fall, Shane Jordan, on the basis that "Mr. Jordan's address should have been revealed in response to permitted discovery . . . ." (Wal-Mart's Resp. 4:22–26, ECF No. 221).  However, even giving Wal-Mart the benefit of the doubt, Wal-Mart was aware of deficiencies in Plaintiffs' disclosures regarding this witness at least as early as October 22, 2015. (*Id.* 9:9–11).  Accordingly, the time to request discovery sanctions for such behavior has passed, and the Court DENIES Wal-Mart's "Counter-Motion."  Of course, Defendants may nevertheless object at trial to any attempts by Plaintiffs to admit evidence inconsistent the Court's orders.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Amend the Joint Pretrial Order (ECF No. 214) is **GRANTED IN PART** and **DENIED IN PART**, pursuant to the foregoing.

**IT IS FURTHER ORDERED** that Wal-Mart's Counter-Motion to Exclude is (ECF No. 221) is **DENIED**.

**IT IS FURTHER ORDERED** that the hearing set for August 4, 2016, at 2:00 p.m. is hereby **VACATED**.

**DATED** this __3__ day of August, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Court